**L. M. WHITE and RUTH E. WHITE v. THOMAS E. LADD**

19 So. (2nd) 836
November 28, 1944
Rehearing denied December 20, 1944

June Term, 1944
Division A

*J. V. Walton* and *Kate L. Walton,* for appellants.

*H. E. Merryday,* for appellee.

BUFORD, C. J.:

In this case the appellee, Ladd, was plaintiff in the court below and filed his suit to foreclose a mortgage against White and wife. The mortgage was given to secure a note in the sum of $1750.00. The obligations were dated May 17, 1937. Suit was filed on the 12th day of June, 1942. Payments were endorsed on the note, one "June 1, 1940, paid int. $100.00" and another "July 1, 1940 paid int. $125.00" and "Book credit as int. payments $93.75."

The defendants answered, admitting the execution of the documents and alleged, "With relation to the transaction referred to in Paragraph No. 1 of plaintiff's said bill, these defendants say the truth is that on or about the 17th day of May, 1937, the plaintiff loaned these defendants the sum of $1500.00 and not $1750.00, but charged these defendants the sum of $250.00 as a bonus for making such loan, in addition to interest at eight per cent. per annum on the aggregate amount of the principal actually loaned and the $250.00 bonus, and exacted of these defendants and required the defendant L. M. White to execute and deliver the said promissory note referred to in said Paragraph No. 1 of plaintiff's bill to evidence such transaction and actual loan at the time of the sum of $1500.00."

After further averments, which are not material here, the defendants averred:

"that the said transactions were and are tainted with usury, and plaintiff's claim, demand and cause of action asserted and stated in plaintiff's said bill of complaint is usurious and contrary to and in violation of the laws of

the State of Florida, and particularly Section 687.07 Florida Statutes 1941 (formerly R.G.S. Sec. 4855), in that defendants allege and charge that the plaintiff wilfully and knowingly, in and in direct connection with the said transactions that resulted in the execution and delivery of the said promissory note and mortgage deed, charged these defendants a sum of money greater than the sum of money loaned and an additional sum equal to twenty-five per cent. upon the principal sum loaned, by the contract, contrivance and device of having and requiring the defendant L. M. White to execute and deliver to the plaintiff the said promissory note a copy of which is attached as Exhibit 'A' to plaintiff's bill, purporting to evidence a loan of $1750.00 to be repaid in full amount, with interest from date at the rate of eight per cent per annum, when, in fact, only $1500.00 was loaned and delivered to said defendant, or on said defendant's account, as the principal of the said loan, or otherwise; and by the contract, contrivance and device of having and requiring the defendants L. M. White and Ruth E. White to execute and deliver to the plaintiff the said mortgage deed, a copy of which is attached as Exhibit 'B' to plaintiff's bill, pledging and mortgaging defendants' said property in said mortgage deed described, to secure the payment of the said promissory note providing for repayment of $1750.00 and interest after date at eight per cent per annum, when only the sum of $1500.00 was loaned and delivered by the plaintiff or received by the defendant L. M. White in said transaction; and defendants say that because of the said usury in the said transactions the whole of the principal and interest the said note and mortgage purport to evidence and which plaintiff seeks to enforce and foreclose in this proceedings are forfeit in the whole sum, and these defendants are not indebted, nor is either of them indebted, to the plaintiff in any sum whatsoever, for principal, interest, costs, charges, attorney's fees, abstract or other charges."

To this the plaintiff filed his replication in which the allegations of the last above quoted part of the answer were denied and it was averred:

"The allegation therein contained that plaintiff required defendants to execute a note and mortgage providing for the

payment and security of a sum of money greater than the money actually loaned and delivered by the plaintiff to the defendant, or received by the defendant, is false and untrue."

Master was appointed and testimony was taken. After the master had reported the plaintiff filed an amended replication, by leave of the court first had and obtained. In the amended replication it was averred:

"that it was never his intention to charge or receive a sum of money greater than the actual, true and lawful indebtedness of the defendant to plaintiff, and 8% per annum thereon; that the defendant, L. M. White, proposed to plaintiff that he and plaintiff purchase the lands described in the bill of complaint in this cause in equal shares and requested plaintiff to loan him, the said L. M. White, a portion of the moneys which he, the said L. M. White, would have to put up for his share of the purchase price of said property; that plaintiff accepted said proposal, which however, was not reduced to writing, and that subsequently thereto and prior to the making, execution and delivery of the note and mortgage involved in this cause, said L. M. White requested the plaintiff to lend him $1500.00 and release him from aforesaid agreement, and offered as a consideration therefor to pay plaintiff $250.00, which plaintiff assented to; and that thereafter said L. M. White prepared, or caused to be prepared said note and mortgage, and included therein the said $250.00, together with the $1500.00 which plaintiff lent to the said defendant L. M. White, that plaintiff has never at any time requested or demanded the said $250.00 as a bonus for said loan or as a consideration for said loan; that plaintiff desires and demands only that which is lawful, and prays that the Court determine whether or not it was lawful for the said $250.00 to be included in and secured by the aforesaid note and mortgage, and if the Court should determine that the same, or any part thereof, or any part of the interest received on account of said note and mortgage, is unlawful or usurious, that the Court eliminate the same, or prorate the same over the period of time the loan has been permitted to run, to the end that plaintiff will receive that which is lawful and equitable and no more, and that the court will award to plaintiff that which is lawful and equitable."

It appears that this amended replication was filed to conform to the proof.

The chancellor found, and so entered in his order:

"That in the Spring of 1937 and prior to May 17, 1937, negotiations were in progress between the plaintiff and the defendant, L. M. White, looking toward the purchase of the mortgaged premises from the then owner thereof, under a plan by which certain standing timber on said lands would be sold and the proceeds thereof applied on the purchase price of the property; and the balance of said purchase price to be advanced by plaintiff, one-half of which was to be loaned by plaintiff to the defendant and secured by a first mortgage, and the property was to be physically divided and separated deeds taken thereto by said plaintiff and the said White; and in the process of their negotiations relative to a physical division of the property, the said defendant L. M. White proposed that if the plaintiff would let the deed to the whole property be made to him (White), let him purchase the whole property, and would loan him (White) the sum of $1500.00 instead of $1000.00 as originally agreed, that he (White) would give plaintiff $250.00; that plaintiff accepted said proposal; and the defendant White thereafter prepared, or caused to be prepared, the note and mortgage sued upon in this cause, and included in the principal sum of said note, the said $250.00 which he had offered to pay plaintiff for a release from their agreement to buy the property together; that on May 17, 1937, said note and mortgage were executed and delivered by the defendant L. M. White to plaintiff and plaintiff delivered the said $1500.00 to the said L. M. White; and the title to the whole of said property was taken by said L. M. White;" . . . and further found:

"It is evident that had the contract between Ladd and White relative to their purchase of said property been reduced to writing and signed by them, that there would be no basis for the defense of usury; it is further evident from the whole of the testimony in this cause that neither the said Ladd, nor said White intended a usurious transaction; nor does the testimony in this cause otherwise establish usury.

"The plaintiff by his amended replication having consented to the elimination of the disputed $250.00 from the principal sum evidenced by said note, it is thereupon." And thereupon adjudicated foreclosure of the mortgage to enforce the payment of the sum of $1500.00 principal, $497.01 interest, $12.00 expended by plaintiff for abstract information, and $200.00 as reasonable attorney's fees.

Motion for rehearing was denied and appeal was perfected to this Court.

We find that the evidence substantially supports the finding of the chancellor. The evidence is far from conclusive that either of the parties intended that a difference of $250.00 between the amount of the loan and the amount of the note secured by the mortgage be treated merely as a bonus for the loan. On the contrary, the logical conclusion appears to be that White had proposed to Ladd that they buy the property together, with Ladd loaning White a part of the purchase price and when they could not agree to a division of the property between them, White wanted to acquire the entire property for himself and was wiling to give Ladd a valuable consideration to get out of the deal, provided Ladd would loan him $1500.00 with which he, White, could complete the purchase price.

All of the negotiations and agreements between White and Ladd, with exception of the note and mortgage, were carried on without the formality of reducing the same to writing.

From the whole record, it appears to us that the chancellor was justified in reaching the conclusion that the transaction did not fall within the purview of Sec. 687.07 Fla. Stats. 1941 (F. S. A.), 6942 C.G.L.

Therefore, the decree should be affirmed and it is so ordered.

Affirmed.

TERRELL, CHAPMAN and ADAMS, JJ., concur.